IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| ANTONIO MARQUIS KNIGHT | * | |
| Plaintiff, | * | |
| v. | * | 2:10-CV-211-TMH (WO) |
| SHERIFF D.T. MARSHALL, *et al.*, | * | |
| Defendants. | * | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Plaintiff, an inmate incarcerated at the Montgomery County Detention Facility in Montgomery, Alabama, challenges the constitutionality of his continued incarceration in the county detention facility.  Named as defendants are Sheriff D.T. Marshall and the Honorable Charles Price, Circuit Judge for the Circuit Court for Montgomery County, Alabama. Plaintiff seeks $1.5 million in damages as a result of his continued unlawful confinement and requests that Alabama be thoroughly investigated for violations of federal law and constitutional amendments.  Upon review of the pleadings filed by Plaintiff, the court concludes that dismissal of this case prior to service of process is appropriate in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] When a prisoner is granted leave to proceed *in forma pauperis* in a federal civil action, this court must screen his complaint in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).  This screening procedure requires the court to dismiss such an action at any time, regardless of payment of the filing fee or any portion thereof, if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(I)-(iii).

## I.  DISCUSSION

### *A. Illegal Incarceration*

Plaintiff asserts that he was arrested in February 2009.[2] Judge Price sentenced him on February 2010 to one year of county time, six months suspended license, and a $1500.00 fine. Plaintiff asserts that Judge Price confirmed with Plaintiff's attorney that Plaintiff would receive jail credit from the time of his arrest. Plaintiff files this action complaining that Sheriff Marshall continues to hold him in custody well past his release date which amounts to illegal incarceration. Plaintiff further complains that Judge Price denied his request for a suppression hearing on January 14, 2010 in violation of his constitutional rights. (*Doc. No. 1.*)

Since the sentence imposed for Plaintiff's February 2010 conviction provides the basis for his current incarceration, the claim presented to this court goes to the fundamental legality of such incarceration. Consequently, the challenge to confinement contained in the instant complaint provides no basis for relief at this time. *Edwards v. Balisok,* 520 U.S. 641, 646 (1997)*; Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck,* the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the

---

[2]Plaintiff does not indicate the offense for which he was arrested and convicted.

grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. *Id*., 512 U.S. at 483-489. Under *Heck*, the relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id*. at 487. The Court emphasized that "habeas corpus is the exclusive remedy for a ... prisoner who challenges" the basis for his confinement "even though such a claim may come within the literal terms of § 1983" and, based on the foregoing, concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983. *Id*. at 481. In so doing, the Court rejected the lower court's reasoning that a section 1983 action should be construed as a habeas corpus action.

In *Balisok*, the Court concluded that a state prisoner's "claim[s] for declaratory [and injunctive] relief and money damages, ... that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983...." unless the prisoner can demonstrate that the challenged action has previously been invalidated. *Id*., 520 U.S. at 648. Moreover, the Court determined that this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Id.* at 645. The Court reiterated the position taken in *Heck* that the "sole remedy in federal court" for a prisoner challenging the constitutionality of a term of incarceration is a petition for writ of habeas corpus. *Balisok*, 520 U.S. at 645. Additionally, the Court "reemphasize[d] ... that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 649.

Plaintiff challenges the constitutionality of his confinement as it relates to the sentence imposed in February 2010 by the Circuit Court for Montgomery County, Alabama. A judgment in favor of Plaintiff on this claim would necessarily imply the invalidity of his incarceration based on this sentence. It is clear from the pleadings before this court that the sentence and resulting confinement about which Plaintiff complains has not been invalidated in an appropriate proceeding. Consequently, the instant collateral attack is prohibited and subject to summary dismissal in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).[3]  *Balisok,* 520 U.S. at 645; *Heck,* 512 U.S. at 481; *Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973).

## *B. Judge Price*

To the extent Plaintiff seeks to challenge actions taken by Judge Price in his judicial capacity during state court proceedings over which he had jurisdiction, such claims are subject to dismissal. The law is well established that a state judge is absolutely immune from civil liability for acts taken pursuant to his judicial authority. *Forrester v. White*, 484 U. S. 219, 227-229 (1988); *Paisey v. Vitale in and for Broward County*, 807 F.2d 889 (11th Cir. 1986); *Stump v. Sparkman*, 435 U.S. 349 (1978). Accordingly, Plaintiff's claims for monetary damages against Judge Price are "based on an indisputably meritless legal theory" and are, therefore, due to be dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B)(I)

---

[3] Plaintiff is advised that if he seeks to proceed on his challenge to the constitutionality of his current incarceration he may do so by filing a 28 U.S.C. § 2241 petition for habeas corpus relief in this court. Prior to filing a federal habeas action, however, Plaintiff should exhaust any remedy available to him in the state courts. 28 U.S.C. § 2254(b)(1)(A).

and (iii).  *Neitzke v. Williams*, 490 U.S. 319,  327 (1989).

To the extent Plaintiff seeks injunctive and/or declaratory relief from adverse decisions issued by Judge Price in the state criminal proceedings over which this Defendant presided, this court lacks jurisdiction to render such judgment in an action filed pursuant to 42 U.S.C. § 1983.  "The *Rooker-Feldman* doctrine prevents . . . lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.' *Exxon Mobil Corp. V. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)."  *Lance v. Dennis*, 546 U.S. 459, 460, 126 S.Ct. 1198, 1199 (2006).  Although "*Rooker-Feldman* is a narrow doctrine," it remains applicable to bar Plaintiff from proceeding before this court as this case is "brought by [a] state-court loser[] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.  544 U.S. at 284, 125 S.Ct. [at] 1517."  *Lance*, 546 U.S. at 464, 125 S.Ct. At 1201; *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) (federal district courts "do not have jurisdiction . . . over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional.").  Moreover, a § 1983 action is inappropriate either to compel or to appeal a particular course of action by a state court.  *Datz v. Kilgore*, 51 F.3d 252, 254 (11th Cir. 1995) (§ 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment); *see also Rolleston v. Eldridge*, 848 F.2d 163

5

(11th Cir. 1988).

In light of the foregoing, the court concludes that dismissal of any request for injunctive and/or declaratory relief Plaintiff seeks to make with respect to actions undertaken by Judge Price during matters related to Plaintiff's state court criminal proceedings is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark v. State of Georgia Pardons and Paroles Board*, 915 F.2d 636 (11th Cir. 1990); *see also Neitzke*, 490 U.S. 319.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The § 1983 claims presented against Defendant Price be DISMISSED with prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i) & (iii);

2. Plaintiff's challenge to the constitutionality of his current incarceration be DISMISSED without prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) as such claim is not properly before the court at this time; and

3. This case be DISMISSED prior to service of process in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

It is further

ORDERED that on or before **March** 29**, 2010**, the parties are DIRECTED to file any objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not

appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 15th day of March, 2010.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE